**28**

**Allen P. CUBBAGE, Executor of a Paper, etc., of John W. Clark et al., Appellants,**

**v.**

**Panzy GRAY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

Richard E. Moorman, Cubbage & Cubbage, Leitchfield, for appellants.

Kenneth Goff, Leitchfield, Rhodes Bratcher, Owensboro, for appellees.

CULLEN, Commissioner.

Probate of the will of John W. Clark was contested on the grounds of undue influence and lack of mental capacity. The jury found against the will and judgment was entered setting aside the county court order of probate. The contestees have appealed, asserting as their major contention that a verdict should have been directed in favor of the will.

Clark, an 82-year-old widower, owned a small farm and had a few thousand dollars in cash and securities. His next of kin were a daughter and two children of a deceased son, who were the contestants below and are the appellees here. By his will Clark left a one-sixth share of his estate to the daughter and a one-twelfth share to each of the two grandchildren. The remainder he left in designated shares to various nephews and nieces.

We think there was ample evidence to take the case to the jury. The lay evidence for the contestants would warrant findings that Clark:

1. Had an insane delusion that his daughter's husband was threatening to kill him, and had stolen lumber from him.

2. Without justification had accused his son of stealing papers from him and his tenant of stealing feed.

3. Erroneously thought his fellow inmates in a rest home were stealing his clothing.

4. Thought he was "rich".

5. On one occasion did not know the name or location of his bank.

6. Started giving his money away to his nephews, who had never been particularly close to him.

7. Spent considerable time and effort digging a hole or tunnel into a rocky hillside on his farm, in the belief that he would find gold or would discover a cave as large and as beautiful as Mammoth Cave.

8. Carried on conversations with sticks which he picked up at random; believed that the sticks answered his questions; and relied upon such answers in making decisions.

9. Had an unfounded belief that someone was stealing money from his bank account.

In addition to the lay testimony there was the testimony of the doctor who attended Clark during his declining years. The doctor testified that Clark was suffering from senile psychosis; that his mind had started deteriorating in 1959 (four years before the will was executed) and that the deterioration continued and progressed thereafter; that the doctor had advised the daughter to send Clark to a state mental institution; and that although Clark *knew* the natural objects of his bounty and that he owned a farm he was not mentally capable of "evaluation" of that knowledge, meaning that he could not judge properly his daughter's relationship to him from the standpoints of care, devotion, etc., nor would he know the value of his property. The doctor had attended Clark in February and March of 1963 (the will was drawn in February) and he was firmly of the opinion that Clark was not mentally competent at that time.

 We think the sufficiency of the evidence is patent. See Hines v. Price, 310 Ky. 758, 221 S.W.2d 673; Pardue v. Pardue, 312 Ky. 370, 227 S.W.2d 403; Prichard v. Kitchen, Ky., 242 S.W.2d 988; Nance v. Veazey, Ky., 312 S.W.2d 350.

The appellants maintain that the trial court erred in excluding, as protected by the attorney-client relationship, evidence as to conversations between Clark and his attorneys concerning the drafting of the will, *when the two witnesses to the will were present.* We agree that there was error. See Ratcliffe v. Commonwealth, 231 Ky. 337, 21 S.W.2d 441. However, no avowal was made as to what the evidence would have been, so we are unable to say that the error was prejudicial. See Byck v. Commonwealth Life Ins. Co., Ky., 269 S.W.2d 214.

The judgment is affirmed.